**UNITED STATES of America,**
**Appellee,**

v.

**Otto Lewis MEYER, John Dwain Dugger, Appellant, Larry Meyer.**

**No. 19664.**

United States Court of Appeals
Eighth Circuit.

Nov. 6, 1969.

J. Arnot Hill, of Pierce & Duncan, Kansas City, Mo., for appellant, Lewis E.

**202**

Pierce and Robert G. Duncan, Kansas City, Mo., were on the brief.

Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., for appellee, brief was filed by Will Wilson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., and James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark.

Before MATTHES, BLACKMUN and BRIGHT, Circuit Judges.

MATTHES, Circuit Judge.

On July 27, 1967, appellant and Otto Lewis Meyer were found guilty on 10 counts of an indictment, nine charging substantive violations of the Dyer Act, 18 U.S.C. § 2312, and one charging a conspiracy to violate that Act. From the judgments of conviction entered on October 4, 1967, Dugger and Meyer appealed. We affirmed. Meyer v. United States, 396 F.2d 279 (8th Cir. 1968). Meyer did not seek review by the Supreme Court. Appellant did. Certiorari was denied. 393 U.S. 1017, 89 S.Ct. 621, 21 L.Ed.2d 561 (1969).

Meyer unsuccessfully made a collateral attack upon his conviction in the district court. We affirmed. United States v. Meyer, 417 F.2d 1020 (8th Cir. 1969).

We now have for consideration appellant's appeal from the district court's denial of his motion, filed pursuant to 28 U.S.C. § 2255, seeking to vacate the judgment and sentence.

The sole question in issue for our determination, as framed by the appellant, is whether the district court was required in this proceeding to hold an evidentiary hearing to determine whether any of the items seized in a search of the premises of Meyer pursuant to a search warrant would or could have been beneficial to the defense. Specifically, appellant asserts that he should have been afforded the opportunity to inspect, through discovery proceedings, the items so obtained in order that he might determine whether they would have assisted him in preparing his defense. He claims his discovery rights under Rule 16(e), Fed.R.Crim.P., were violated; going further, he accuses the government of suppressing evidence favorable to him, contrary to the teachings of the Supreme Court in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We hold that only a legal question was and is involved under the facts of this case, and that the district court was not required to hold such an evidentiary hearing.[1]

In light of the history of this case, particularly its posture in this court on appeal from the judgments of conviction, we find appellant's contention wholly lacking in substance. Reference to our opinion affirming on the merits will show that the identical question here relied upon was fully considered and rejected then. 396 F.2d at 283. Examination of appellant's petition for certiorari and the Solicitor General's memorandum in opposition thereto inform us that appellant urged the same error in that Court. As noted, certiorari was denied.

Judge Blackmun's pertinent observation in Slawek v. United States, 413 F.2d 957, 959–960 (8th Cir. 1969) is apposite here.

"It is still the law, we take it, that matters so meticulously considered and decided on direct appeal need not be reconsidered and decided again on a § 2255 proceeding." (Citing numerous cases.)

Contrary to appellant's suggestion, the trial proceedings and the record and

---

1. We note parenthetically that Meyer challenged the validity of the search warrant and the ensuing search in his post-conviction proceeding in the district court. In affirming the court's action refusing to vacate the judgment against him, we found that the search warrant was valid. This lays to rest the suggestion in appellant's brief that the search was "unconstitutional." Furthermore, since the search was directed against Meyer—not appellant—we doubt whether he has standing to question it. Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

files in this case clearly demonstrate that this is not a Brady v. Maryland situation.

We are convinced that appellant received a fair trial. He has been represented throughout by retained counsel skilled in the defense of criminal cases. He, like Otto Lewis Meyer, transgressed the law not once but ten times. Eventually he was caught and now must suffer the consequences of his misdeeds. Affirmed.

Our mandate shall issue forthwith and will not be stayed pending petitions for rehearing or certiorari.